UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DICKERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-554-G |
| | ) |
| OFFICER JOSE COLMENARES et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiff Kevin Dickerson, appearing pro se, brings federal civil rights and state-law claims against Oklahoma City Police Department ("OCPD") Officers Jose Colmenares and Eldon Walsh. *See* Compl. (Doc. No. 1).

Now before the Court is Defendants' Motion to Dismiss (Doc. No. 6). Plaintiff has responded (Doc. No. 10), and Defendants have replied (Doc. No. 11).

    I.    *Summary of the Pleadings*

In the Complaint, Plaintiff alleges that on July 22, 2023:

- Defendant Walsh "pushed" Plaintiff;

- Defendant Colmenares and his team "forcibly restrained and arrested" Plaintiff without probable cause, based on a false accusation of interfering with official process;

- Defendant Colmenares refused Plaintiff's repeated requests to speak with a higher-ranking officer;

- Defendants made false statements about Plaintiff to witnesses and in the OCPD incident report; and

- Defendants and other officers conspired to injure, threaten, or intimidate Plaintiff, thereby preventing Plaintiff from exercising his rights.

Compl. at 6-7.

Liberally construed, Plaintiff asserts a 42 U.S.C. § 1983 claim for false arrest in violation of the Fourth Amendment, as well as state-law claims for assault and battery, false arrest, and defamation. *See id.* at 3, 4, 6-7; *see also* Pl.'s Resp. at 5. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. *See* Compl. at 7.

II.     *Relevant Standards*

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.   Discussion

#### A.   Plaintiff's Federal Claim

The Court has considered the pleading allegations, together with the undisputed materials supplied by Defendants and properly subject to consideration on a Rule 12(b)(6) motion.[1] Defendants argue in relevant part that Plaintiff fails to state a claim against them pursuant to 42 U.S.C. § 1983 upon which relief can be granted. *See* Defs.' Mot. to Dismiss at 2-13. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" and "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants' challenge is broadly directed to whether Plaintiff can show that Defendants "subject[ed]" Plaintiff, "or cause[d] [Plaintiff] to be subjected," "to

---

[1] In determining the sufficiency of a complaint, a court may also consider: "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation and internal quotation marks omitted).

a deprivation of his . . . lawful rights." *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (internal quotation marks omitted).

As explained by the Tenth Circuit, "[t]he Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *United States v. Burgess*, 576 F.3d 1078, 1087 (10th Cir. 2009) (quoting U.S. Const. amend. IV). Plaintiff alleges that on July 22, 2023, he was unlawfully seized and arrested "without probable cause" in violation of the Fourth Amendment. *See* Compl. at 6; Pl.'s Resp. at 2; *see also Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008) ("A warrantless arrest violates the Fourth Amendment unless it was supported by probable cause.").[2]

Defendants seek dismissal of this claim pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Defs.' Mot. to Dismiss at 8 n.3; Defs.' Reply at 4-5. In *Heck*, "the Supreme Court held that a plaintiff could not bring a civil-rights claim for damages under § 1983 based on actions whose unlawfulness would render an existing criminal conviction invalid." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

---

[2] "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007) (internal quotation omitted).

4

> relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

On July 22, 2023, Plaintiff was arrested at the scene of and as a result of his altercation with the OCPD officers. *See* Compl. at 6; Defs.' Mot. Ex. 1, City of Okla. City Mun. Ct. Citation (Doc. No. 6-1). A citation was issued that same day charging Plaintiff with Interfering with Official Process—Other than Threat. *See* Defs.' Mot. Ex. 2, Citation (Doc. No. 6-2) at 1; *see also* Okla. City Mun. Code § 30-68(a) ("Any person who interferes, obstructs, attempts to obstruct, or disobeys a lawful command of any police officer in the discharge of his/her duties, by any means other than by threat, intimidation or force[,] is guilty of a Class 'a' offense."). Plaintiff pleaded not guilty. *See* Citation at 2. On July 31, 2024, Plaintiff was found guilty. *See* Defs.' Reply Ex. 1, Mun. Ct. Docket (Doc. No. 11-1) at 1-2.[3]

As argued by Defendants, Plaintiff's false-arrest claim "must be barred in its entirety because the theory of the claim"—i.e., that there was no probable cause to arrest him for interference with the officers' discharge of their duties—"is inconsistent with the . . . conviction" for such interference. *Havens*, 783 F.3d at 783. In other words,

---

[3] The case docket is publicly available through https://www.okc.gov/departments/municipal-court.

5

> [Plaintiff's] suit squarely challenges the factual determination that underlies his conviction for [interference with] an officer. If [the plaintiff] prevails, he will have established that his criminal conviction lacks any basis.

*Id.* (internal quotation marks omitted).

The Court agrees that Plaintiff's conviction for interference with official process is "incompatible" with his § 1983 claim that Defendants lacked probable cause to arrest him on that offense. *Id.* In discussing the effect of convictions for obstructing or resisting arrest, the Tenth Circuit has explained that pursuant to *Heck*, "a civil suit for an unreasonable seizure predicated on a false arrest" is "barred so long as a conviction for resisting the same arrest remain[s] unimpaired." *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999) (emphasis omitted) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995), for the proposition that "*Heck* barred plaintiff's claim for false arrest after state court conviction for resisting a search because resistance gave officers probable cause to arrest plaintiff").

Here, Plaintiff's conviction for interfering with the OCPD officers' discharge of duties at the scene on July 22, 2023, has not been reversed, expunged, or invalidated. *See* Mun. Ct. Docket at 1-3. Because Plaintiff's Fourth Amendment claim that Defendants falsely arrested him "challenge[s] the lawfulness of his arrest and conviction," and a favorable judgment "would necessarily imply the invalidity of his conviction," the claim is barred by *Heck* and must be dismissed. *Martinez*, 184 F.3d at 1125 (emphasis omitted); *Heck*, 512 U.S. at 487; *see also id.* at 486 n.6.[4]

---

[4] The Court need not address Defendants' alternative arguments for immunity/dismissal.

6

### B. *Plaintiff's State-Law Claims*

Invocation of the Court's subject-matter jurisdiction in this matter was premised upon the federal question presented by Plaintiff's 42 U.S.C. § 1983 claim. *See* Compl. at 3; 28 U.S.C. §§ 1331, 1343(a). That claim is now subject to dismissal, and Plaintiff's remaining claims against both Defendants are premised upon violations of Oklahoma law. *See* Compl. at 6-7; Pl.'s Resp. at 3-5. The pleading reflects that the parties are not diverse, and the record does not evince any other basis for this Court's exercise of jurisdiction over this matter. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (citing 28 U.S.C. § 1367(c)(3)). Accordingly, the Court declines to proceed with the remaining state-law claims.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 6) is GRANTED. Plaintiff's Fourth Amendment claim is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Plaintiff's pending Motion for Subpoena (Doc. No. 9) is DENIED AS MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of March, 2025.

CHARLES B. GOODWIN
United States District Judge